**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edip Yuksel, | No. CV-21-00137-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Twitter Incorporated, | |
| Defendant. | |

      On March 3, 2021, Plaintiff initiated this action by filing a Complaint. (Doc. 1.) Plaintiff paid the filing fee on April 28, 2021, after being ordered to do so by the Court. (Docs. 4, 5.) On July 1, 2021, Plaintiff filed a document titled Notice of Service—Certificate of Mailing. (Doc. 6.)

      "Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation" in a judicial district of the United States must be served (A) in the manner set forth in Federal Rule of Civil Procedure 4(e)(1) for serving an individual, or (B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1).

> Service pursuant to Rule 4(e)(1) may be accomplished by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1).

Arizona Rule of Civil Procedure 4.1(i)—similar to Federal Rule of Civil Procedure 4(h)(1)—provides that a corporation that has not waived service "may be served by delivering a copy of the summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Ariz. R. Civ. P. 4.1(i).

"Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l).

Here, Plaintiff's Notice of Service—Certificate of Mailing does not reflect that Defendant was properly served with the Summons and Complaint pursuant to Federal Rule of Civil Procedure 4(h)(1).[1] (Doc. 6.) The Notice is not a server's affidavit, and it provides no evidence that Plaintiff delivered a copy of the Summons and Complaint to an officer or authorized agent of Defendant Twitter Incorporated. Furthermore, although the "sender" sections of the Certificate of Mailing are complete, the section to be completed upon delivery is incomplete. (*Id.*) The Certificate of Service contains a statement that

---

[1] The Court notes that the docket does not reflect that a Summons has issued in this case. Pursuant to Federal Rule of Civil Procedure 4(b), "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons . . . must be issued for each defendant to be served." Fed. R. Civ. P. 4(b).

Plaintiff "served the Defendant on 4/23/2021," but this statement is insufficient to establish proof of service of the Summons and Complaint pursuant to Fed. R. Civ. P. 4(l).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The "court must extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure to timely effect service. *Id.*

More than 90 days have elapsed since Plaintiff filed his Complaint, and the docket does not reflect adequate proof of service of the Summons and Complaint. Accordingly, the Court will order Plaintiff to show cause for his failure to timely effect service. Plaintiff is warned that if he fails to respond to this Order, or if his response does not show good cause for an extension of the time limit for service under Rule 4(m) of the Federal Rules of Civil Procedure, this action will be dismissed.

**IT IS ORDERED** that within **thirty (30) days** of the date this Order is filed, Plaintiff shall file a response which (1) explains why he has not yet filed proof of proper service, and (2) shows good cause for an extension of the time limit for service under Rule 4(m). Failure to file a response showing good cause for an extension of the time limit for service will result in the dismissal of this action.

Dated this 4th day of March, 2022.

_____
Honorable Rosemary Márquez
United States District Judge