IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edip Yuksel,<br><br>    Plaintiff,<br><br>v.<br><br>Twitter Incorporated,<br><br>    Defendant. | No. CV-21-00137-TUC-RM<br><br>**ORDER** |

  On July 5, 2022, Defendant Twitter Incorporated filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 17.)

**NOTICE — WARNING TO PLAINTIFF**

  A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure will, if granted, end your case. Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 566 (2007). When assessing the sufficiency of the complaint, all factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir. 1994). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555.

  Plaintiff is advised of the following specific provisions of Rule 7.2 of the Local Rules of Civil Procedure ("LRCiv"), Rules of Practice of the U.S. District Court for the

District of Arizona:

> Subparagraph (e) provides:
>
>> (1) Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, may not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts.
>>
>> (2) Unless otherwise permitted by the Court, a reply including its supporting memorandum shall not exceed eleven (11) pages, exclusive of attachments.
>
> Subparagraph (i) provides:
>
>> If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, of if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

**Plaintiff must timely respond to all motions. The failure of Plaintiff to respond to Defendant's Motion to Dismiss may in the discretion of the Court be deemed a consent to the granting of that Motion without further notice, and judgment may be entered dismissing the complaint and action with prejudice pursuant to LRCiv 7.2(i).** *See Brydges v. Lewis*, **18 F.3d 651 (9th Cir. 1994) (per curiam).**

Plaintiff is informed that the Court's website provides electronic informational resources to people proceeding in this Court without an attorney. The website is: azd.uscourts.gov/proceeding-without-attorney

Accordingly,

**IT IS ORDERED** that Plaintiff shall have until **August 5, 2022** to file a response to Defendant's Motion to Dismiss.

**IT IS FURTHER ORDERED** that Defendant shall file any reply within **seven (7) days** from the date Plaintiff's response is filed.

. . . .

**IT IS FURTHER ORDERED** that the Motion shall be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

Dated this 6th day of July, 2022.

_____
Honorable Rosemary Márquez
United States District Judge