**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edip Yuksel,<br><br>    Plaintiff,<br><br>v.<br><br>Twitter Incorporated,<br><br>    Defendant. | No. CV-21-00137-TUC-RM<br><br>**ORDER** |

Pending before the Court are multiple motions in the above-captioned matter: (1) Defendant's Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6) (Doc. 17); (2) Defendant's Motion to Change Venue/Transfer Case to the to the U.S. District Court for the Northern District of California (Doc. 18); (3) Plaintiff's Motion to Deny Twitter's Request to Change Venue (Doc. 23)[1]; and (4) Defendant's Motion to Strike Plaintiff's

---

[1] Plaintiff, who is proceeding pro se, filed this document as a Motion for the Court to rule on. However, the Motion is more properly construed as a Response to Defendant's Motion to Change Venue/Transfer Case. Plaintiff did not file a Response to the Motion to Change Venue/Transfer Case, and the Motion to Deny Twitter's Request to Change Venue responds to that Motion. Therefore, the Court will construe the Motion as a Response to Defendant's Motion to Change Venue/Transfer Case. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) (courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.")

Second Response (Doc. 28).[2] The Court will grant the Motion to Change Venue/Transfer Case.

## I. Background

Plaintiff Edip Yuksel filed this action alleging breach of contract and a violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act arising out of Defendant Twitter, Inc.'s suspension of his Twitter account. (Doc. 1.) Plaintiff alleges that Twitter "permanently suspended [his] account without any specific reason" despite his multiple appeals. (*Id.*) Plaintiff seeks reinstatement of his Twitter account and $142 million in damages. (*Id.*)

## II. Motion to Change Venue/Transfer Case

Defendant Twitter moves to transfer this case to the U.S. District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). (Doc. 18.) Defendant argues that, when Plaintiff created his Twitter account, he agreed to be bound by Twitter's Terms of Service (the "Terms of Service"). (*Id.*) Defendant argues that the Terms contain a valid forum selection clause that requires Plaintiff to bring his claims exclusively in San Francisco County, California, where the U.S. District Court for the Northern District of California is located. (*Id.*)

The Terms' forum selection clause states:

> All claims, legal proceedings or litigation arising in connection with the Services[3] will be brought solely in San Francisco County, California, and you consent to the jurisdiction of and venue in such courts and waive any objection as to inconvenient forum.

(*Id*. at 8; Doc. 18-2 at ¶ 6; Doc. 18-5 at 3.) Defendant argues that (1) the forum selection clause is mandatory; (2) Plaintiff's claims fall within the scope of the forum selection clause because they arise in connection with his access to and use of Twitter's services; and (3) no extraordinary circumstances, such as invalidity of the forum selection clause,

---

[2] The Court finds the Motions suitable for resolution without oral argument.
[3] The "Services" refers to a user's access to and use of Twitter's services and website. (Doc. 18-5 at 2.) The Terms state that a user's "access to and use of the Services is conditioned on [the user's] acceptance of and compliance with these Terms" and that a user agrees that, by accessing or using the services, he is bound by the Terms. (*Id.*)

- 2 -

contravention of Arizona public policy, or grave difficulty or inconvenience to the Plaintiff, are present that would justify non-enforcement of the clause. (Doc. 18 at 10-13.)

In response, Plaintiff argues that the Court should deny the Motion because transferring this action to the Northern District of California would require him to travel to San Francisco and stay at a hotel, which would be "too costly for [his] mini budget" and "Twitter can afford travel expenses [for] their troops of lawyers." (Doc. 23.) Plaintiff states that he is a retired teacher and current philosophy professor, and has created popular written and video content but, for "ethical reasons," receives little to no royalties from them. (*Id.*) He further states that he donates any extra money he has to charity and as a result has little cash in his bank account. (*Id.*) He states that his wife earns more than he does, that they are investing in a technology startup company, and that they have refinanced one of their homes. (*Id.*)

### III. Applicable Law

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "By permitting transfer to any district 'to which the parties have agreed by contract or stipulation,' Section 1404(a) 'provides a mechanism for enforcement of forum-selection clauses.'" *Baker v. Am. Soc'y of Composers, Authors & Publishers*, No. CV-21-00022-TUC-RM, 2021 WL 6125710, at *4 (D. Ariz. Dec. 28, 2021) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59-60 (2013)).

Under Section 1404(a), "the district court [o]rdinarily . . . would weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice." *Brittain v. Twitter, Inc.*, No. CV-18-01714-PHX-DGC, 2019 WL 110967, at *1 (D. Ariz. Jan. 4, 2019) (citing *Atl. Marine*, 571 U.S. at 62-63; 28 U.S.C. § 1404(a)) (internal quotation omitted). However, "[w]hen parties have agreed to a valid forum selection clause, [] the calculus

changes because the clause represents the parties' agreement as to the most proper forum." *Id.* at *1 (internal quotation and citation omitted).

"As a general rule, when the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087 (9th Cir. 2018) (internal citation and quotation omitted). "Unlike the situation where there is no forum-selection clause, the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.* at 1087 (internal citation and quotation omitted). "The plaintiff's subsequent choice of forum merits no weight." *Id.* (citing *Atl. Marine*, 571 U.S. at 63-63). "The party seeking to avoid the forum selection clause bears a heavy burden of proof that the clause should be set aside and [a] court evaluating a motion to transfer should afford no weight to [] the plaintiff's selected forum." *Trump v. Twitter, Inc.*, No. 21-22441-CIV, 2021 WL 8202673, at *3 (S.D. Fla. Oct. 26, 2021) (internal citation and quotation omitted).

"[A] court must deem all factors relating to the private interests of the parties . . . as weighing entirely in favor of the preselected forum." *Yei A. Sun*, 901 F.3d at 1087-88 (citing *Atl. Marine*, 571 U.S. at 64, 62 n. 6). "[A] forum-selection clause should control except in unusual cases." *Id.* at 1088 (internal citation and quotation omitted). "This result is required . . . because a forum-selection clause represents the parties' agreement as to the most proper forum." *Id.* (internal citation and quotation omitted). "[O]nly under extraordinary circumstances unrelated to the convenience of the parties should a motion to enforce a forum-selection clause be denied." *Id.* (internal citation and quotation omitted).

To establish the existence of an extraordinary circumstance under which a forum selection clause is not given controlling weight, a plaintiff must make a "strong showing" that: "(1) the clause is invalid due to fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision, or (3) trial in the contractual forum will be so gravely

difficult and inconvenient that the litigant will for all practical purposes be deprived of his day in court." *Id*. at 1088 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15-16 (1972)) (internal quotations omitted).

Multiple courts have found Twitter's forum selection clause valid and enforceable. *See Brittain*, 2019 WL 110967, at *2; *Trump*, 2021 WL 8202673, at *3 (forum selection clause was "valid and mandatory," forum selection clause encompassed plaintiff's claims, and plaintiffs did not satisfy burden to show that case should not be transferred); *Doshier v. Twitter, Inc.*, 417 F. Supp. 3d 1171, 1180 (E.D. Ark. 2019). Arizona public policy favors enforcing forum selection clauses. *Desert Autosports LLC v. Auto. Fin. Corp.*, No. CV-13-01211-PHX-DGC, 2013 WL 4231151, at *2 (D. Ariz. Aug. 14, 2013); *see also Brittain*, 2019 WL 110967, at *3 (Arizona courts routinely hold forum selection clauses presumptively valid). That a litigant is self-represented and indigent is not a basis for non-enforcement of a forum selection clause. *Brittain*, 2019 WL 110967, at *3. "Where the parties have agreed to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Yei A. Sun*, 901 F.3d at 1091.

### IV. Analysis

The law mandates transfer of this case to the Northern District of California. The Court agrees with the findings of other district courts that Twitter's forum selection clause is valid and enforceable. Plaintiff consented to the Terms of Service when he agreed to use Twitter's services, and those Terms contained the forum selection clause. Here, Plaintiff bears the burden to show why the forum selection clause should not be enforced, and he has not done so. Though he argues that litigation in the Northern District of California will be cost-prohibitive, this is not a sufficient basis to find the clause unenforceable, especially considering Plaintiff's own description of his financial situation. It appears likely, based on Plaintiff's averments regarding his financial situation, that he could obtain the funds needed to litigate in California. The Court notes that Plaintiff does not have in forma pauperis status in this action. (*See* Doc. 5.) Further,

Plaintiff does not indicate that he would not be able to appear by telephone or virtually for court proceedings in California, which many jurisdictions permit. Plaintiff has not shown the existence of any extraordinary circumstances that would justify not giving the forum selection clause controlling weight.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Change Venue/Transfer Case to the U.S. District Court for the Northern District of California (Doc. 18) is **granted**. The Clerk of Court **shall transfer** this case to the United States District Court for the Northern District of California.

Dated this 21st day of September, 2022.

_____
Honorable Rosemary Márquez
United States District Judge